MARC J. FAGEL (Bar No. 154425)
PATRICK T. MURPHY (Admitted in NY)
ROBERT S. LEACH (Bar No. 196191)
SUSAN FLEISCHMANN (Bar No. 207194)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

BROCADE COMMUNICATIONS SYSTEMS, INC.,

    Defendant.

Case No. C 07 2821 CRB

[PROPOSED] FINAL JUDGMENT

The Securities and Exchange Commission having filed a Complaint and Defendant Brocade Communications Systems, Inc. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure; and waived any right to appeal from this Final Judgment:

I

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the

offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material act necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. § 18m(a) and

Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13], thereunder, by failing to file annual and periodic reports in conformity with the Commission's integrated reporting and disclosure regulations, Regulations S-K and S-X, or by failing to include such further material information as may be necessary to make the required statements, in light of the circumstances under which they were made, not misleading.

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by failing, with respect to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act or which is required to file reports pursuant to Section 15(d) of the Exchange Act, to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

    (a)    transactions are executed in accordance with management's general or specific authorization;

    (b)    transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (b) to maintain accountability for assets;

    (c)    access to assets is permitted only in accordance with management's general or specific authorization; and

    (d)    the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $7 million pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within 10 days after entry of this Final Judgment by certified check, bank cashier's check or United States postal money order payable to the Securities

and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Brocade as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Brocade Communications Systems, Inc. to Entry of Final Judgment, filed concurrently with this Final Judgment, is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: August 27, 2007

_____
UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED*
*Judge Charles R. Breyer*

APPROVED AS TO FORM:

_____
Nina Locker, Esq.
Wilson Sonsini Goodrich & Rosati, LLP
650 Page Mill Road
Palo Alto, CA 94304

Attorney for Defendant BROCADE COMMUNICATIONS SYSTEMS, INC.

SUBMITTED BY:

_____
Marc J. Fagel, Esq.
Patrick T. Murphy, Esq.
Robert S. Leach, Esq.
Susan Fleischmann, Esq

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION